United States District Court
Southern District of Texas
**ENTERED**
September 08, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| QUIRINO TORRES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00140 |
| | § | |
| ALL DISTRICT COURT JUDGES OF | § | |
| 156TH BEE COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO RETAIN CASE AND DISMISS CERTAIN CLAIMS

Plaintiff Quirino Torres, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, Plaintiff has stated First Amendment claims for denial of access to the courts against **Kimberly Clark and Zenaida Silva** in their individual capacities. Accordingly, it is respectfully recommended that these claims be **RETAINED.** The undersigned will order service on these defendants.

For the reasons set forth below, the undersigned further recommends that: (1) Plaintiff's claims against all Defendants in their official capacities be **DISMISSED with prejudice**; (2) Plaintiff's claims related to his request for habeas corpus relief be **DISMISSED without prejudice** to Plaintiff filing a 28 U.S.C. § 2241 habeas petition after

1 / 13

properly exhausting available state remedies; and (3) Plaintiff's claims against the remaining Defendants be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.   PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a pretrial detainee at the Bee County Jail in Beeville, Texas.  In this action, Plaintiff sues the following defendants: (1) All District Court Judges of 156th Bee County; (2) James Sales, Bee County District Attorney; (3) District Attorney's Office and Employees; (4) Kimberly Clark, a Bee County court clerk; (5) Zenaida Silva, a Bee County court clerk; and (6) Rio Grande Legal Aid and its Employees. (D.E. 1, pp. 1, 3).

Plaintiff alleges that, while incarcerated in Bexar County, he was charged in Bee County with several offenses.  Plaintiff further alleges that he filed numerous motions, writs, and legal requests with the Bee County Court with instructions to forward to all judges, magistrates, and the district attorney. According to Plaintiff, none of these motions, writs, and legal requests were "honored by the Courts." (D.E. 1, p. 4). Due to his belief he can no longer receive a fair trial, Plaintiff seeks monetary relief as compensation for his incarceration.

At the Court's request, Plaintiff supplemented the complaint with a More Definite

Statement of his claims.  (D.E. 9).  Plaintiff alleges the following in his More Definite Statement.

Plaintiff is a pretrial detainee in Bee County on charges of being a felon in possession of a firearm, possession of a controlled substance, and possession of a controlled substance in a facility.  While incarcerated in Bexar County as late as January 7, 2021, Plaintiff attempted to file over thirty motions with the Bee County 156th District Court, including the following: motion for bench trial, motion for bench warrant, motion to suppress evidence, motion for extradition, motions for excessive bail and bond reduction, motion to suppress evidence, and motion for 90-day release. All motions were sent to the Bee County 156th District Court with instructions to forward to all judges of that court.

Plaintiff was transferred to the Bee County Jail on January 7, 2021. On March 10, 2021, Plaintiff was appointed counsel to represent him with respect to the Bee County charges.  In addition to monetary relief, Plaintiff seeks the dismissal of all pending charges against him in the Bee County 156th District Court.  (D.E. 9, p. 5).

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id*.; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim

should not be dismissed.  *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).  A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties.  *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

### A. Official Capacity Claims

Suits against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (internal quotations and citation omitted). Thus, to the extent Plaintiff seeks to sue Defendants in their official capacities, it is effectively a suit against the officials' office, Bee County.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Even if the Court were to substitute Bee County on behalf of the individual defendants in their official capacities, Plaintiff would not be able to state a § 1983 claim against Bee County.  A municipality is liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy.

*Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978).  *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th  Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation).  Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom.  *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Plaintiff fails to cite in either his complaint or More Definite Statement any county policy or practice that resulted in the violation of his constitutional rights.  Accordingly, it is respectfully recommended that Plaintiff's claims against Defendants in their official capacities be dismissed with prejudice.

### B.  Habeas Corpus Claims

Plaintiff seeks dismissal of the charges pending against him and release from custody. Plaintiff's seeking release from custody amounts to a request for habeas relief through a civil rights complaint.  A state pretrial detainee is required to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241 if he is "in custody" and has exhausted "available state remedies."  28 U.S.C. § 2241(c)(3); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).

Where a prisoner brings both habeas and § 1983 claims in one action, "the district court should separate the claims and decide the § 1983 claims." *Patton v. Jefferson Corr.*

*Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998) (internal quotations and citations omitted).  The undersigned respectfully recommends, therefore, that Plaintiff's claims related to his request for habeas relief be dismissed without prejudice to his filing a § 2241 habeas petition after properly exhausting available state remedies.

### C.    Denial of Access to Courts

Plaintiff's various allegations against Defendants amount to his attempt to raise a First Amendment claim for denial of access to the courts.  Prisoners have a constitutionally protected right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)).  The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356.  *See also Jones*, 188 F.3d at 325 (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions, validity of confinement, or conditions of confinement).

"The right of access to court applies to both convicted prisoners and pretrial detainees who are jailed pending trial."  *Fox v. Campbell*, No. 6:09cv75, 2009 WL 1076809, at *2 (E.D. Tex. Apr. 21, 2009) (citing *United States v. Maya-Gomez*, 860 F.2d 706, 743 (7th Cir. 1988)).  "A county satisfies the duty with respect to indigent pretrial detainees by appointing an attorney to represent them."  *Id.* (citing *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996).  If the pretrial detainee is not provided with adequate assistance from someone trained in the law, the county must provide the detainee with an

adequate law library.  *Id.* (citing *Green v. Ferrell*, 801 F.3d 765, 772 (5th Cir. 1986) and *Morrow v. Harwell*, 768 F.2d 619, 623 (5th Cir. 1985)).

Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts.  *Lewis,* 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999).  Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts.  *Lewis*, 518 U.S. at 349.  In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable or nonfrivolous claim or was prevented from presenting such a claim because of the alleged denial.  *See Lewis*, 518 U.S. at 356.  He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access.  *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

### *(1) Kimberly Clark and Zenaida Silva*

Plaintiff alleges that Clark, a Bee County court clerk, signed a certified mail receipt acknowledging receipt of Plaintiff's legal mail which contained his more than thirty *pro se* motions.  Plaintiff believes that Clark and Silva, another Bee County court clerk, failed to acknowledge and properly file Plaintiff's *pro se* paperwork.  (D.E. 9, pp. 4-5).  Because Plaintiff's *pro se* motions were ignored, Plaintiff was unable to obtain exculpatory evidence regarding the location of the person Plaintiff believes owned the firearm and controlled substances.  (D.E. 9, p. 3). Plaintiff's criminal proceedings in Bee County have now been placed on hold.

Plaintiff's allegations, accepted as true, suggest that Plaintiff may have stated an actionable injury resulting from the conduct of Clark and Silva in failing to process Plaintiff's numerous *pro se* motions, which were filed in his Bee County criminal proceedings before counsel was appointed to represent him.  Accordingly, the undersigned recommends retaining Plaintiff's First Amendment claims for denial of access to courts against Defendants Clark and Silva in their individual capacities.

### (2) All District Court Judges of 156th Bee County

Plaintiff claims that all judges of the 156th District Court have violated Plaintiff's right to either "self-representation or representation" or otherwise damaged his ability to fight his criminal charges.  (D.E. 9, p. 3).  Plaintiff, however, has not identified any particular judge who has presided over his Bee County criminal cases in any capacity.  He further provides no specific facts to describe how any particular judge has violated his constitutional rights to self-representation or representation.

Moreover, to the extent that Plaintiff could name a judge involved in his Bee County criminal proceedings, such judge would be immune from Plaintiff's suit for damages under the doctrine of judicial immunity.  *See Mireles v. Waco*, 402 U.S. 9, 9-10 (1991); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009).  Accordingly, the undersigned respectfully recommends that Plaintiff's claims against the defendants identified as "All District Court Judges of 156th Bee County" be dismissed as frivolous and/or for failure to state a claim for relief.

### (3) Rio Grande Legal Aid and its Employees

Plaintiff contends that the Rio Grande Legal Aid did not respond to his requests for legal aid in his cases.  Plaintiff alleges no facts to suggest that the Rio Grande Legal Aid and its Employees had a constitutional obligation to respond to Plaintiff's requests for legal aid. Moreover, because the Rio Grande Legal Aid is a nonprofit charitable organization and not a state agency, Plaintiff may not bring § 1983 claims against it or its employees as they are not considered "state actors" subject to being sued under § 1983.  *See Grayeda v. Texas Rio Grande Legal Aide*, No. C-07-61, 2007 WL 2034307, at *3 (S.D. Tex. July 12, 2007).   Accordingly, the undersigned respectfully recommends that Plaintiff's claims against the Rio Grande Legal Aid and its Employees be dismissed as frivolous and/or for failure to state a claim for relief.

### *(4) Bee County District Attorney Sales, District Attorney's Office, and Employees*

Plaintiff states that he forwarded all of his motions to District Attorney Sales along with instructions to investigate certain crimes and bring charges against other individuals. (D.E. 9, p. 4).  Plaintiff contends that District Attorney Sales ignored his motions, causing irreversible damage to his criminal proceedings.  Without identifying any other individual, Plaintiff seeks to bring unspecified claims against the District Attorney's Office and its employees.

At the outset, a county district attorneys' office is not an entity capable of being sued.  *Estrada v. Healey*, No. H-15-0092, 2015 WL 13158514, at *12 (S.D. Tex. June 4, 2015).  Plaintiff fails to suggest that District Attorney Sales or any individual in the District Attorney's Office violated Plaintiff's constitutional rights in simply receiving Plaintiff's

*pro se* motions.  These individuals had no duty to deliver Plaintiff's motions to the Bee County District Court.

Furthermore, District Attorney Sales is entitled to absolute immunity.  "A prosecutor enjoys absolute immunity when his actions are 'intimately associated with the judicial phase of the criminal process.'" *Loupe v. O'Bannon*, 824 F.3d 534, 538 (5th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

> Absolute prosecutorial immunity is meant to "protect[ ] the prosecutor from harassing litigation that would divert his time and attention from his official duties" and to "enable[e] him to exercise independent judgment when 'deciding which suits to bring and in conducting them in court.'" [*Kalina v. Fletcher*, 522 U.S. 118, 125 (1997)] (quoting *Imbler*, 424 U.S. at 424).... The Supreme Court has made clear that "it is the interest in protecting the proper functioning of the office, rather than the interest in protecting its occupant, that is of primary importance." *Id.* Thus, "the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor." *Buckley v. Fitzsimmons*, 509 U.S. 259 ... (1993).

*Loupe*, 824 F.3d at 539.  Actions protected by absolute immunity include initiating and pursuing a criminal prosecution, court actions taken in a prosecutor's role as advocate for the state, or when his conduct is "'intimately associated with the judicial phase of the criminal process.'" *Id.* (quoting *Hart v. O'Brien*, 127 F.3d 424, 439 (5th Cir. 1997), *abrogation on other grounds recognized by Spivey v. Robertson*, 197 F.3d 772, 775–76 (5th Cir. 1999)).

District Attorney Sales is entitled to absolute prosecutorial immunity with respect to making decisions about Plaintiff's criminal case as well as investigating other individuals with possible crimes.  Accordingly, the undersigned respectfully recommends

that Plaintiff's claims against Sales as well as the District Attorney's Office and its employees be dismissed as frivolous and/or for failure to state a claim for relief.

## V.    RECOMMENDATION

For the reasons stated above and for purposes of § 1915A, Plaintiff has stated sufficient facts that, if true, state a First Amendment claim for denial of access to the courts against **Defendants Clark and Silva** in their individual capacities.  Accordingly, it is respectfully recommended that these claims be **RETAINED.**  The undersigned will order service as to these defendants by separate order.

For the foregoing reasons, the undersigned further recommends that: (1) Plaintiff's claims against all Defendants in their official capacities be **DISMISSED with prejudice**; (2) Plaintiff's claims related to his request for habeas corpus relief be **DISMISSED without prejudice** to Plaintiff filing a § 2241 habeas petition after properly exhausting available state remedies; and (3) Plaintiff's remaining claims against the remaining Defendants be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully recommended on September 8, 2021.

Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).